```
UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------X
UNITED STATES OF AMERICA
ex rel. KEVIN COSENS,                :

          Plaintiffs,                :

     - against -                     : No. 3:03CV492(GLG)
                                       MEMORANDUM DECISION
JOHNS HOPKINS HOSPITAL,              :

          Defendant.                 :
------------------------------------X
```

Johns Hopkins Hospital, one of the forty defendants in the MDL litigation, has filed a supplemental memorandum **[Doc. # 3]** in support of the MDL motions to dismiss, in which it asserts its unique position as the only defendant located in Maryland and, thus, exempt from the Medicare reimbursement rules. It asserts that by statute, since 1977, Maryland hospitals have been granted an exemption from the national Medicare reimbursement requirements. Instead, reimbursement of Maryland hospitals is based upon rates set by the Maryland Health Services Cost Review Commission ("HSCRC"). Md. Code Health-Gen. § 19-201, et seq.; see PGDH Liquidating Trust v. Shalala, 993 F.2d 228 (4th Cir.)(table text at 1993 WL 147482, at *3), cert. denied, 510 U.S. 990 (1993). Johns Hopkins states that under the state system, the annual Cost Reports are filed for informational purposes only and are not reconciliation reports as alleged in the Government's complaint.

The Government responds that the HSCRC and its rate-setting

1

activities are irrelevant to the Government's claims, for the HSCRC's only authority is to determine the <u>amount</u> a Maryland hospital would be reimbursed for a <u>covered</u> hospital procedure, not whether the procedure should be covered in the first instance.  The authority to make coverage decisions is vested solely in HHS's Center for Medicare and Medicaid Services ("CMS").  42 U.S.C. § 1395, <u>et seq.</u>; <u>see</u> <u>State of New York v. Secretary of HHS</u>, 903 F.2d 122, 125 (2d Cir. 1990).  The Government maintains that Johns Hopkins' submission of the U-82 and U-92 claim forms for non-covered services constituted a violation of the False Claims Act.  The fact that HSCRC, rather than CMS, determined the amount that Johns Hopkins was reimbursed for these non-covered services is immaterial.  Additionally, the Maryland reimbursement scheme did not excuse Johns Hopkins from disclosing all known errors and omissions on the annual cost reports, which it certified to be true and certified that it was entitled to reimbursement for the reported costs.

As we have so often stated in ruling on the motions to dismiss in the MDL litigation, since this comes before the Court on a motion to dismiss, we are limited in what we can consider in ruling on this motion.  It is not clear to the Court the precise role that the cost reports played in the Maryland reimbursement system.  In many respects, it appears that this system operated in a manner very similar to the prospective payment system with

set rates for various DRG's, discussed in the Court's May 12, 2004 Opinion in the MDL case. Based on the allegations of the Government's complaint-in-intervention, and for the same reasons that we rejected the non-Maryland defendants' argument that the cost reports were not "claims" under the False Claims Act, we likewise reject Johns Hopkins' argument. However, that issue may be revisited once further evidence is developed in this regard.

Accordingly, for these reasons and for the reasons set forth in the Court's Opinion of May 12, 2004 in the MDL litigation, <u>In re. Cardiac Devices Qui Tam Litigation</u>, 3:03MD1505(GLG), the Court adheres to its ruling in the MDL litigation and DENIES the Motion to Dismiss in all respects except that the Motion to Dismiss on Statute of Limitations grounds is GRANTED as to all common-law claims for payment by mistake, unjust enrichment and recoupment, which are based on Medicare claims filed prior to March 31, 1988, and as to all common-law fraud based on claims paid prior to March 31, 1991.

SO ORDERED.

Date: May  /7 , 2004.
      Waterbury, Connecticut.

GERARD L. GOETTEL,
United States District Judge

3